JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Perry

### DEFENDANTS
Michael Kimberling, Randy Deitman, Mark 1, Inc. et al.

(b) County of Residence of First Listed Plaintiff: Sussex County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hickman County TN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Edward P. Capozzi, Esq., Seigel Capozzi Law Firm, 505 Goffle Road, Ridgewood, New Jersey 07450

Attorneys *(If Known)*
Anthony Guidice, Esq, Barry, McTiernan & Wedinger, 10 Franklin Avenue, Edison, NJ 08837

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Motor Vehicle Accident pursuant to 28 U.S.C. § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 5/16/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

JS 44 Reverse (Rev. 11/15)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS PERRY,<br><br>        *Plaintiff*,<br><br>v.<br><br>MICHAEL KIMBERLING; RANDY DEITMAN; MARK 1, INC.; JOHN DOES 1-10 (fictitious persons); ABC COMPANIES 1-10 (fictitious entities),<br><br>        *Defendants*. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

Plaintiff, THOMAS PERRY, by and through his attorneys, the Seigel Capozzi Law Firm LLC, state:

## PARTIES

1. Plaintiff, THOMAS PERRY, is citizens of the State of New Jersey that resides at 70 Newton Avenue, Sussex, New Jersey 07461.

2. Defendant, MICHAEL KIMBERLING, is a citizen of the State of Tennessee and resides at 5151 Highway 48 N., Dickson, Tennessee 37055.

3. Defendant, RANDY DEITMAN, is a citizen of the State of Tennessee and resides at 1911 Deitman Lane, Nunnelly, Tennessee 37137.

4. Defendant, MARK 1, INC., is a corporation existing under the laws of the State of Tennessee with a principal place of business located at 7000 Magnolia Lane, Nunnelly, State of Tennessee 37137.

5.  Defendant, JOHN DOES 1-10 are citizens residing within the United States of America.

6.  Defendants, ABC COMPANIES 1-10 are corporations or other entities established under the laws of the United States of America and conduct business in the State of New Jersey.

## JURISDICTION AND VENUE

7.  Jurisdiction is founded in the United States District Court pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and there is diversity of citizenship amongst the parties.

8.  Venue lies in the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §1391, as the event giving rise to the Complaint occurred in the State of New Jersey.

## STATEMENT OF FACTS

9.  On November 11, 2014 Plaintiff, THOMAS PERRY, was the operator of a motor vehicle, which was traveling southbound on Sparta Avenue, at or near its intersection with Wagon Wheel Road, Sparta Township, County of Sussex, State of New Jersey.

10. At the above time and place, Defendant, MICHAEL KIMBERLING, was the operator of a truck, owned by defendant RANDY DEITMAN, in the course of business for defendant, MARK 1, INC. that was traveling northbound on Sparta Avenue, at or near its intersection with Wagon Wheel Road, Sparta Township, County of Sussex, State of New Jersey.

11. At the above time and place, Defendant, MICHAEL KIMGERLING, operated the truck in a negligent and careless manner and struck the motor vehicle in which Plaintiff, THOMAS PERRY, was operating.

12. At all times material hereto, Defendants, JOHN DOES 1-10, were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said defendants being presently unknown.

13. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure Plaintiff and Plaintiff specifically reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of said Defendants represented herein as JOHN DOES 1-10.

14. At all times material hereto, defendants, ABC COMPANIES 1-10; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, or conduct business in the State of New Jersey, the identity, addresses and culpable conduct of said Defendants being presently unknown.

15. Said Defendants owned, operated, maintained and or controlled their vehicles, trailers and/or cargo in such a negligent manner as to injure Plaintiff and Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as ABC COMPANIES 1-10.

16. The collision was caused by the negligence and carelessness of Defendants, and was due in no part to any act or omission of Plaintiff.

## FIRST COUNT

### (Thomas Perry v. Michael Kimberling)

17. Plaintiff incorporates by reference paragraphs 1 through 16 above as though the same were herein set forth at length.

18. As a direct and proximate result of the acts and/or omissions of Defendant, MICHAEL KIMBERLING, Plaintiff, THOMAS PERRY, sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to his entire nervous system and

3

other injuries, the full extent of which are not yet known.

19. As a direct and proximate result of the acts and/or omissions of Defendant, MICHAEL KIMBERLING, Plaintiff, THOMAS PERRY, has been and will continue to be compelled to spend large sums of money for medical care in an effort to cure himself of the injuries from which he has suffered and will continue to suffer as a result of this accident.

20. As a further direct and proximate result of the acts or omissions of Defendant, MICHAEL KIMBERLING, Plaintiff, THOMAS PERRY, has suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite period of time in the future.

21. As a result direct and proximate result of the acts and/or omissions of Defendant, MICHAEL KIMBERLING, and because of his injuries, Plaintiff, THOMAS PERRY, has been forced to lose time from work and is therefore entitled to be compensated for all of his economic loss therefrom.

WHEREFORE, Plaintiff, THOMAS PERRY, demands judgment in his favor and against Defendant, MICHAEL KIMBERLING, for damages in excess of $75,000.00 exclusive of interest and costs.

## SECOND COUNT

### (Thomas Perry v. Randy Deitman)

22. Plaintiff incorporates by reference paragraphs 1 through 21 above as though the same were herein set forth at length.

23. Defendant, MICHAEL KIMBERLING, was operating a vehicle with the full permission of and/or as an agent and/or employee of RANDY DEITMAN and, therefore, all negligence of Defendant, MICHAEL KIMBERLING, is thereby imputed to Defendant, RANDY DEITMAN by the doctrine of Respondeat Superior

24. Defendant, MICHAEL KIMBERLING, did so carelessly, recklessly, and negligently operate a truck resulting in a collision with Plaintiff's vehicle.

25. As a result of the acts and/or omissions of the Defendant, MICHAEL KIMBERLING, and therefore, Defendant, RANDY DEITMAN, Plaintiff, THOMAS PERRY, suffered diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and for other help in an attempt to cure Plaintiff's injuries, has been and will be prevented from attending to Plaintiff's normal business and affairs and has been otherwise damaged.

WHEREFORE, Plaintiff, THOMAS PERRY, demands judgment in his favor and against Defendant, RANDY DEITMAN, for damages in excess of $75,000.00 exclusive of interest and costs.

### THIRD COUNT

#### (Thomas Perry v. Mark 1, Inc.)

26. Plaintiffs incorporate by reference paragraphs 1 through 25 above as though the same were herein set forth at length.

27. Defendant, MICHAEL KIMBERLING, was operating a vehicle with the full permission of and/or as an agent and/or employee of MARK 1, INC. and, therefore, all negligence of Defendant, MICHAEL KIMBERLING, is thereby imputed to Defendant, MARK 1, INC. by the doctrine of Respondeat Superior.

28. Alternatively, Defendant, MARK 1, INC, is a companies or other entity that was otherwise careless, negligent and reckless in causing or contributing to the injuries and damages sustained by Plaintiff.

29. Defendant, MICHAEL KIMBERLING, did so carelessly, recklessly, and negligently operate a truck resulting in a collision with Plaintiff's vehicle.

30. As a result of the acts and/or omissions of the Defendant, MICHAEL KIMBERLING, and therefore, Defendant, MARK 1, INC., Plaintiff, THOMAS PERRY, suffered diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and for other help in an attempt to cure Plaintiff's injuries, has been and will be prevented from attending to Plaintiff's normal business and affairs and has been otherwise damaged.

**WHEREFORE**, Plaintiff, THOMAS PERRY, demands judgment in his favor and against Defendant, MARK 1, INC., for damages in excess of $75,000.00 exclusive of interest and costs.

## FOURTH COUNT- PUNITIVE DAMAGES

### (Thomas Perry v. Mark 1, Inc.)

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as though the same were herein set forth at length.

32. At the above time and place, defendant, MICHAEL KIMBERLING, was operating a vehicle in violation of the rules and regulations governing the operation of a commercial vehicle.

33. At the same time and place, defendant, MARK 1, INC., knew or should have known that defendant, MICHAEL KIMBERLING, was operating a truck in violation of the rules and regulations governing the operation of a commercial vehicle and directed and/or allowed defendant, MICHAEL KIMBERLING, to operate a motor vehicle with willful indifference to the consequences.

34. At the same time and place, defendant, MARK 1, INC., their agents or assigns so carelessly, owned, operated, maintained, inspected, controlled and/or repaired their vehicle in such

a way as to constitute a wanton and willful disregard for the rights of others including the plaintiff, THOMAS PERRY, and with a high probability to cause injury.

35. As a direct and proximate result of defendants' willful and wanton actions, plaintiff, THOMAS PERRY, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish, and was and still is incapacitated will be permanently disabled, has in the past and will in the future be caused to expend substantial sums of money for medical treatment, and has in the past and will in the future be caused to lose employment earnings.

**WHEREFORE**, Plaintiff, THOMAS PERRY, demands judgment in his favor and against the defendants for damages in excess of $75,000.00 individually, jointly severally, and/or in the alternative, for punitive damages exclusive of interest and costs.

## FIFTH COUNT

### (Thomas Perry v. John Does 1-10)

36. Plaintiff incorporates by reference paragraphs 1 through 35 above as though the same were herein set forth at length.

37. As a direct and proximate result of the acts and/or omissions of Defendants, JOHN DOES 1-10 (fictitious persons), Plaintiff, THOMAS PERRY, sustained severe and permanent personal injuries, mental anxiety and anguish, a severe shock to his entire nervous system and other injuries, the full extent of which are not yet known.

38. As a direct and proximate result of the acts and/or omissions of Defendants, JOHN DOES 1-10 (fictitious person), Plaintiff, THOMAS PERRY, has been and will continue to be compelled to spend large sums of money for medical care in an effort to cure himself of the injuries from which he has suffered and will continue to suffer as a result of this accident.

39. As a further direct and proximate result of Defendants, JOHN DOES 1-10 (fictitious persons), acts and/or omissions, Plaintiff, THOMAS PERRY, has suffered pain, mental anguish and loss of life's pleasures and will continue to suffer for an indefinite period of time in the future.

40. As a further direct and proximate result of Defendant, JOHN DOES 1-10 (fictitious persons) acts and/or omissions and because of his injuries, Plaintiff, THOMAS PERRY, has been forced to lose time from work and is therefore entitled to be compensated for all of his economic loss therefrom.

**WHEREFORE**, Plaintiff, THOMAS PERRY, demands judgment in his favor and against Defendants, JOHN DOES 1-10 (fictitious persons), for damages in excess of $75,000.00 exclusive of interest and costs.

## SIXTH COUNT

### (Thomas Perry v. ABC Companies 1-10)

41. Plaintiff incorporates by reference paragraphs 1 through 40 above as though the same were herein set forth at length.

42. Defendant, MICHAEL KIMBERLING, was operating a vehicle with the full permission of and/or as an agent and/or employee of ABC COMPANIES 1-10 (fictitious entities) and, therefore, all negligence of Defendant, MICHAEL KIMBERLING, is thereby imputed to Defendants, ABC COMPANIES 1-10 (fictitious entities) by the doctrine of Respondeat Superior.

43. Alternatively, Defendants, ABC COMPANIES 1-10 (fictitious entities), are companies or other entities that were otherwise careless, negligent and reckless in causing or contributing to the injuries and damages sustained by Plaintiff.

8

44. Defendant, MICHAEL KIMBERLING, did so carelessly, recklessly, and negligently operate a tractor trailer resulting in a collision with Plaintiff's vehicle.

45. As a result of the acts and/or omissions of the Defendant, MICHAEL KIMBERLING, and therefore, Defendants, ABC COMPANIES 1-10 (fictitious entities), Plaintiff, THOMAS PERRY, suffered diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and for other help in an attempt to cure Plaintiff's injuries, has been and will be prevented from attending to Plaintiff's normal business and affairs and has been otherwise damaged.

**WHEREFORE**, Plaintiff, THOMAS PERRY, demands judgment in his favor and against Defendants, ABC COMPANIES 1-10 (fictitious), for damages in excess of $75,000.00 exclusive of interest and costs.

SEIGEL CAPOZZI LAW FIRM, L.L.C.

BY: _____
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

DATED: May 13, 2016

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

        SEIGEL CAPOZZI LAW FIRM, L.L.C.

        _____
        Edward P. Capozzi (5524)
        Attorney for Plaintiffs

        Seigel Capozzi Law Firm LLC
        505 Goffle Road
        Ridgewood, NJ 07450
        Phone: 201-444-4000
        Facsimile: 201-444-7717
        Email: ecapozzi@seigelcapozzi.com

Dated: May 13, 2016